4148-99
JWR/LGN/LLB

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF IOWA**
**EASTERN DIVISION**

| | | |
|---|---|---|
| NIMA GHARAVI, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 25-CV-2074 LTS-KEM |
| | ) | |
| v. | ) | Judge: |
| | ) | Honorable Leonard T. Strand |
| ALLYSON SCHWAB, | ) | |
| | ) | Magistrate Judge: |
| Defendant. | ) | Honorable Kelly K.E. Mahoney |

**DEFENDANT ALLYSON SCHWAB'S MEMORANDUM IN SUPPORT OF HER MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

**Table of Contents**

I.  INTRODUCTION ...................................................................................................................3

II.  RELEVANT ALLEGATIONS ................................................................................................3

III.  LEGAL STANDARD............................................................................................................5

    a.  Federal Rule of Civil Procedure 12(b)(6)...................................................................5

    b.  Defamation Pe Se and Defamation Per Quod ...........................................................6

        i.  Opinion Statements.............................................................................................7

        ii.  The Four Factor Test............................................................................................7

    c.  False Light Invasion of Privacy....................................................................................8

IV.  LEGAL ARGUMENT............................................................................................................8

    a.  Defendant's online comments of which Plaintiff complains are opinions relating to matters of public concern which do not contain a provably false factual connotation and therefore must receive full constitutional protection......................................................8

    b.  Plaintiff's Counts of Defamation Per Se, Defamation Per Quod, and False Light must be dismissed because Defendant Schwab's post warning parents to be cognizant of where their children's videos were appearing online where those videos were appearing on pornographic and inappropriate websites was truthful..............................................11

    c.  Plaintiff has failed to properly plead the damages required for defamation per quod and tortious interference with a business relationship and those claims must be dismissed.13

        i.  Defamation Per Quod...........................................................................................13

        ii.  Tortious Interference with a Business Relationship..............................................13

    d.  Plaintiff has failed to properly plead intentional infliction of emotional distress and those claims must be dismissed. ....................................................................................14

4148-99
JWR/LGN/LLB

    e.  Plaintiff's claims regarding the December 30, 2026 social media post are barred by the statute of limitations and any allegations related to that post should be dismissed ....... 15

V.   CONCLUSION .......................................................................................................................... 15

Case 6:25-cv-02074-LTS-KEM    Document 13-1    Filed 04/13/26    Page 2 of 17

NOW COMES Defendant, ALLYSON SCHWAB, by her attorneys, HEYL, ROYSTER, VOELKER & ALLEN, P.C., and for her Memorandum in Support of her Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) states as follows:

## I. INTRODUCTION

Plaintiff's Complaint must be dismissed because Plaintiff has failed to state claims for Defamation Per Se, Defamation Per Quod, Invasion of Privacy by False Light, Intentional Infliction of Emotional Distress, and Tortious Interference with Prospective Business Relationships against Defendant Schwab. The 'X' (formerly Twitter) posts of which Plaintiff complains are opinions relating to matters of public concern which must receive full constitutional protection. Further, the "sting" of the statements was substantially true and therefore cannot be defamation (per se or per quod).

Additionally, Plaintiff failed to properly plead the damages required for defamation per quod and tortious interference with a business relationship and has failed to plead facts which support the "outrageous conduct" required for intentional infliction of emotional distress. Lastly, Plaintiff's claims related to Defendant Schwab's December 30, 2023 post are outside the statute of limitations. As such, Plaintiff's claims against Defendant Schwab must be dismissed.

## II. RELEVANT ALLEGATIONS

1. On December 31, 2025, Plaintiff filed his Complaint in which he admits wrestling videos he recorded and posted on his YouTube account of minor children were pirated and reposted on pornographic and inappropriate websites. Ct. Dkt. 1.

2. The basis of Plaintiff's Complaint stems from four social media posts Defendant Schwab is alleged to have posted on her 'X' (formerly Twitter) account. *Id.*

3

3.      The first post, from December 30, 2023 states:



*Id.* at Exhibit A.

4.      The second social media post states, "This makes me sick and why I got this convo going. So many parents don't know their kids are on someone's YouTube." *Id.*

5.      The third social media post states:



*Id.*

6.      The fourth social media post states:



*Id.*

7.  Additionally, in Plaintiff's Complaint, Plaintiff takes issue that Ms. Schwab allegedly expressed to someone else that he was her "hero" after Plaintiff was ejected from a youth wrestling match. *Id.* at Exhibit B.

8.  Plaintiff interprets Defendant Schwab's statements as accusing him of posting videos with inappropriate intent, accusing him of allowing pornographic websites to embed his videos, posing a danger to minors, and engaging in conduct that warranted denial of credentials by schools and tournament directors. Ct. Dkt. 1 at 37.

9.  As a result of these statements, Plaintiff claims he has lost unspecified business opportunities, sponsorships, and revenue and suffers emotional distress, anxiety and anguish. *Id.* at 52 and 58.

10. In Plaintiff's Complaint, Plaintiff alleges Count I: Defamation Per Se, Count II: Defamation Per Quod, Count III: Invasion of Privacy by False Light, and Count IV: Intentional Infliction of Emotional Distress, and Count V: Tortious Interference with Prospective Business Relationships against Defendant Schwab. *Id.*

## III. LEGAL STANDARD

### a. Federal Rule of Civil Procedure 12(b)(6)

If Plaintiff's complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" Plaintiff's claims must be dismissed. *Ashcroft v. Iqbal,*

5

556 U.S. 662, 678 (2009). When analyzing whether Plaintiff's complaint is sufficient, the Court "must accept as true all facts pled and grant all reasonable inferences drawn from the pleadings in favor of the nonmovant." *Silva v. Metro Life Insurance Company,* 762 F.3d 711, 721 (8th Cir. 2014). When analyzing a Motion to Dismiss, the Court must only look to the complaint and the materials embraced by the pleadings. *Smithrud v. City of St. Paul,* 746 F.3d 391, 397 (8th Cir. 2014). The facts alleged in the complaint "must be enough to raise a right to relief above the speculative level," otherwise the Complaint must be dismissed. *Iqbal,* 556 U.S. at 678. This requires that "the pleading contain[s] sufficient facts 'to raise a reasonable expectation that discovery will reveal evidence' to support a violation." *Drake University v. Des Moines Area Community College Foundation,* 2025 WL 1485857 at 2 (S.D. Iowa). As such, if a Plaintiff "pleads facts that are 'consistent with' liability, but does not cross the line between possibility and plausibility, it fails to state a claim under 12(b)(6)." *Id.*

### b. Defamation Pe Se and Defamation Per Quod

In Iowa, "[d]efamation includes the twin torts of libel and slander. Libel involves written statements, while slander involves oral statements." *Bierman v. Weier,* 826 N.W. 436, 444 (Iowa 2013). To state a claim for defamation, Plaintiff must show the defendant "(1) published a statement that was (2) defamatory (3) of and concerning the plaintiff." *Id.* at 464. Defamation can be per se or per quod. *Drake University,* 2025 WL 1485857 at 5. Defamation per se "has an obvious defamatory character" that does not "require the audience to have any additional context or information about the speaker, the subject of the statement, or subject matter of the statement." *Id.* By contrast, defamation per quod statements are not immediately apparent as to why they are defamatory and the reader requires more context to understand the statement's defamatory

6

nature. *Id.* For actions based on a defamation per quod, the Plaintiff must plead special damages. *Id.*

An essential element is publication of the statement to third parties. *Huegerich v. IBP, Inc.,* 547 N.W.2d 216, 221 (Iowa 1996). If a statement is not heard and understood by a third party to be defamatory, "the defamatory statement is not published and is therefore not actionable." *Newell v. JDS Holdings, LLC,* 834 N.W.2d 463, 480 (Iowa Ct. App. 2013). Further, "[d]efamation reaches factual assertions, rather than opinions." *Bauer v. Brinkman,* 958 N.W.2d 194, 198 (Iowa 2021).

### i. Opinion Statements

"A statement of opinion relating to matters of public concern which does not contain a provably false factual connotation will receive full constitutional protection." *Milkovich v. Lorain J. Co.,* 497 U.S. 1, 20 (1990). "Speech that involves a matter of political, social or other concern to the community is a matter of public concern." *Hemminghaus v. Missouri,* 756 F.3d 1100, 1111 (8th Cir. 2014). A matter is of public concern if it is of "'general interest,' or of 'legitimate news interest,' or 'of value and concern to the public at the time' of the speech.'" *Minten v. Weber,* 832 F.Supp.2d 1007, 1019 (N.D. Iowa 2011). An "opinion is absolutely protected under the First Amendment," whether the statement is one of fact or opinion must be determined by the court." *Andrew v. Hamilton County Public Hospital,* 960 N.W.2d 481, 489 (2021). Where the Plaintiff complains about an opinion rather than a statement of fact that can be proved false, those statements are not actionable. *Id.*

### ii. The Four Factor Test

To determine whether an allegedly defamatory statement was fact or opinion, the Iowa Supreme Court adopted the United States Supreme Court's four factor test. *Id.* at 491. The first

7

factor of the test is "whether the alleged defamatory statement 'has a precise core meaning for which a consensus of understanding exists, or conversely, whether the statement is indefinite and ambiguous." *Id.* at 492. The second fact focuses on "the degree to which the alleged defamatory statements are . . . objectively capable of proof or disproof." *Id.* The third factor looks at "the context in which the alleged defamatory statement occurs." *Id.* at 493. The fourth factor assesses "the broader social context into which the statement fits." *Id.* The framework of the analysis must be "whether the allegedly defamatory statement can be reasonably interpreted as stating actual facts and whether those facts are capable of being proven true or false." *Id.* As such, "statements of opinion can be actionable if they imply a provably false fact, or rely upon stated facts that are provably false." *Id.* at 491.

### c.  False Light Invasion of Privacy

To state a claim for false light invasion of privacy, Plaintiff must plead that Defendant gave publicity to a matter concerning Plaintiff that put Plaintiff in a false light where (1) the false light in which Plaintiff was placed would be offensive to a reasonable person, and (2) the actor had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which Plaintiff was placed. *McFarland v. McFarland,* 684 F.Supp.2d 1073, 1092-1093 (N.D. Iowa 2010). False light requires proof of untruthfulness but not does not require Plaintiff to prove defamation. *Id.* at 1093.

### IV.  LEGAL ARGUMENT

**a.  Defendant's online comments of which Plaintiff complains are opinions relating to matters of public concern which do not contain a provably false factual connotation and therefore must receive full constitutional protection.**

Defendant's Motion to Dismiss must be granted because Defendant Schwab's posts concerned constitutionally protected opinions that parents should be aware of where their children are posted online and that parents should be cognizant of the number of views on the videos of their children. *See* Ct. Dkt. 1, Pl.'s Comp. Ex. A. Instructive is the Court's reasoning in *Bauer,* where Plaintiff, an apartment manager, sued the Defendant for libel per se, libel per quod, and libel by implication after the Defendant commented on a Facebook post stating:

> "It is because of shit like this that I need to run for mayor! [grinning emoji] Mr. Bauer … you sir are a PIECE OF SHIT!!! Let's not sugar coat things here people. Kathy Lynch runs a respectable business in this town! You sir are nothing more than a Slum Lord! Period. I would love to have you walk across the street to the east of your ooh so precious property and discuss this with me!" *Bauer,* 958 N.W.2d at 194, 196-97.

In *Bauer*, Plaintiff's action stemmed from Defendant having called him a "slumlord." *Id.* at 197. In finding in favor of the Defendant, the Supreme Court of Iowa reasoned that "whether a statement is capable of defamatory meaning is a question for the court." *Id.* at 198. In applying the four-factor test, the Court reasoned that the outcome hinged on whether a reasonable reader could conclude that the Defendant's Facebook post "implied a factual statement that [Plaintiff] is a rental property owner or landlord of a slum area." *Id.*  To make that determination the Court analyzed whether the term was capable of a precise meaning, the context surrounding the term, and whether, within the broader social context, the statement could be reasonably understood as a factual assertion. *Id.* at 199-200.

In finding that the Defendant's comments were opinion and not factual statements, the Court opined that because Defendant's comment was made on a post wherein another Facebook user criticized Plaintiff for complaining about dog feces outside of that Facebook user's business, no one would read Defendant's comment as a factual assertion that Plaintiff was a slumlord. *Id.* at

9

201. The Court noted that nothing in the post discussed the conditions of Plaintiff's apartments or his managerial abilities. *Id.* Also of importance was that Defendant did not provide any factual detail relating to Plaintiff managing apartments. *Id.* As such, it was much more likely that persons would read the comment and understand it was meant as an insult, not a factual assertion. *Id.*

Similarly, in *Drake,* the Court granted Defendant's second Motion to Dismiss because the Court reasoned Defendant's comments were opinion statements that Plaintiff had misrepresented in the pleadings. *Drake University,* 2025 WL 1485857 at 8. In that matter, Plaintiff claimed the Defendant defamed it when it described the differences in the schools' logos via email to alumni. *Id.* In finding in favor of Defendant, the Court opined the Defendant had expressed opinions over the differences in the schools' logos and Plaintiff had taken "interpretive leaps from the contents of the email" to the allegations alleged. *Id.*

Here, Plaintiff also takes "interpretive leaps" in his characterization of Defendant Schwab's posts. Plaintiff contends that because Defendant Schwab posted a general warning reminding parents to be aware of where their children were posted online it somehow equates to her having accused him of posting videos with inappropriate intent, allowing pornographic websites to embed his videos, and of posing a danger to minors. Ct. Dkt. 1 at 38. Plaintiff further takes issue with a statement Defendant Schwab made to another wrestling coach in that she told the wrestling coach he was her hero. *Id.* at 42. While Plaintiff may not like that she made this comment, and while it may have hurt his feelings, it certainly does not amount to defamation.

Defendant Schwab posted about a matter of public concern—where videos of minor children wrestling are appearing online—reminding parents to check where their children are posted and how many views those videos have online. Likewise, Iowa courts have found matters

of public concern where "an email's content focused on protecting the public from the COVID-19 pandemic." *Mayfield v. Missouri House of Representatives,* 122 F.4th 1046, 1053-54 (8th Cir. 2024). Similarly here, the gist of Defendant Schwab's social media posts focused on educating the parents that videos of their minor children may be appearing in inappropriate places.

She did not attribute the intent of Plaintiff in her posts and did not single out Plaintiff, or his YouTube channel by name. While she did state the minor children should not have a certain number of views on their videos and Plaintiff had videos with this number of views, it does not translate to her having accused Plaintiff of posting videos with inappropriate intent. This is especially true where the videos of which Defendant Schwab was warning parents did appear on pornographic websites, as admitted by Plaintiff. Ct. Dkt. 1 at 22-23. As such, because Defendant Schwab expressed opinions about a matter of public concern, Plaintiff's claims against her must be dismissed.

b. **Plaintiff's Counts of Defamation Per Se, Defamation Per Quod, and False Light must be dismissed because Defendant Schwab's post warning parents to be cognizant of where their children's videos were appearing online where those videos were appearing on pornographic and inappropriate websites was truthful.**

Defendant's Motion to Dismiss must be granted because the "sting" of the alleged defamation is substantially true. It is well established that truth is a complete defense to defamation. *Delaney v. International Union UAW Local No. 94 of John Deere Manufacturing Company,* 675 N.W.2d 832, 843 (Iowa 2004). It is not necessary for a defendant to establish "the literal truth of the publication in every detail as long as the 'sting' or the 'gist' of the defamatory charge is substantially true. *Behr v. Meredith Corp.,* 414 N.W.2d 339, 342 (Iowa 1987). To determine the "gist" or "sting" Courts must look at "the highlight of the publication, the pertinent angle of it, and not to items of secondary importance which are inoffensive details, immaterial to the truth of

the defamatory statement." *Id.* For example, Courts have found substantial truth where a newspaper article falsely reported Plaintiff was arrested on a warrant where in actuality Plaintiff was arrested and charged with harboring a suspected rapist of an elderly woman. *Id.* "If the underlying facts as to the gist or sting of the defamatory charge are undisputed, the court may determine substantial truth as a matter of law." *Id.*

Here, Defendant Schwab's statements are substantially true as a matter of law. While Plaintiff complains that he has lost business opportunities, sponsorships, and revenue as a result of Defendant's conduct, he sweeps under the rug that the videos he took and posted of minor children did appear on pornographic and inappropriate websites (even if through no intent of his own). Ms. Schwab's comments warning parents to check where their kids were posted (on pornographic and inappropriate websites) and commenting that minor children's wrestling videos should not have excessive views, is not untruthful. While Plaintiff contends he was "dismayed" when he learned some of the websites where his videos were posted contained pornographic or other offensive material, Plaintiff claims it is defamation when Defendant Schwab expresses the same concerns.

In fact, Plaintiff admits that the problem was so extensive that he must "regularly submit[] take down requests." In Plaintiff's Complaint, he estimated he has sent 325 takedown requests to various websites, including those containing pornographic and offensive content where the videos he took and published online have appeared. Ct. Dkt. 1 at 26. While Defendant Schwab never named Plaintiff or commented on his intent in posting the videos, the core of her opinion statements was truthful—that parents should be aware of where their children are posted and how many views those posts have because nefarious persons could be viewing them (and were).

As such, because the gist of Defendant Schwab's posts warning parents was true, Plaintiff's Complaint should be dismissed as these comments do not amount to defamation.

   c. **Plaintiff has failed to properly plead the damages required for defamation per quod and tortious interference with a business relationship and those claims must be dismissed.**

      i. **Defamation Per Quod**

Plaintiff has failed to plead actual damages as required for a claim of defamation per quod and therefore his claims must be dismissed. "The appropriate measure of special damages—'the loss of something having economic or pecuniary value,' as the Restatement describes them—is lost profits and not lost revenue." *Hoffman v. Clark,* 975 N.W.2d 656 (Iowa 2022). Here, Plaintiff has wholly failed to plead a specific amount of lost profits. As such, his claims must be dismissed.

      ii. **Tortious Interference with a Business Relationship**

Plaintiff's claims for tortious interference should be dismissed because Plaintiff has failed to plead the amount of resulting damages as required. To state a claim for tortious interference with a business relationship, Plaintiff must plead "(1) the plaintiff had a prospective contractual or business relationship; (2) the defendant knew of the prospective relationship; (3) the defendant intentionally and improperly interfered with the relationship; (4) the defendant's interference caused the relationship to fail to materialize; and (5) the amount of resulting damages." *McFarland,* 684 F.Supp. at 1088. Plaintiff vaguely asserts that he had a reasonable expectation of entering into unspecified business relationships *with* unspecified persons or entities. Ct. Dkt. 1 at 98-100. While he claims Defendant Schwab's comments, which did not name him or his YouTube channel, resulted in the loss of "contracts," "revenue," "sponsorship" and "officiating opportunities," he fails

to plead the amount of the resulting damages as required. *Id.* at 106. As such, those claims must be dismissed.

### d. Plaintiff has failed to properly plead intentional infliction of emotional distress and those claims must be dismissed.

Plaintiff has failed to plead that Defendant Schwab's conduct was outrageous where he admits the videos he created and posted of minor children appeared on pornographic websites. To state a claim for intentional infliction of emotional distress, Plaintiff must plead "(1) outrageous conduct by the defendant; (2) the defendant intentionally caused, or recklessly disregarded the probability of causing, the emotional distress; (3) plaintiff suffered severe or extreme emotional distress; and (4) the defendant's outrageous conduct was the actual and proximate cause of the emotional distress." *Id.* at 1089. To be considered outrageous, the conduct must be "so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.* Such conduct must be established by substantial evidence. *Id.* Whether the conduct complained of "may reasonably be regarded as outrageous" is for the Court to decide. *Cutler v. Klass, Whicher & Mischne,* 473 N.W.2d 178, 183 (Iowa 1991). Bad conduct does not equate to outrageous conduct. *Meyer v. Nottger,* 241 N.W.2d 911, 918 (Iowa 1976).

Plaintiff has failed to sufficiently plead outrageous conduct. Plaintiff includes Defendant Schwab's posts in which she comments for parent's to be aware of where their kids and posted online and cautions parents regarding the number of views videos of their children have online. Ct. Dkt. 1 at Ex. A. Plaintiff admits that some videos he created and posted online ended up on nefarious websites. Ct. Dkt. 1 at 22-23. Defendant Schwab's comments, which were a warning to

14

parents, can hardly be viewed as outrageous where Plaintiff's videos of minor children did in fact appear on pornographic and inappropriate websites. As such, Plaintiff has failed to properly plead intentional infliction of emotional distress and those claims must be dismissed.

**e. Plaintiff's claims regarding the December 30, 2026 social media post are barred by the statute of limitations and any allegations related to that post should be dismissed.**

Further, any allegations stemming from Defendant Schwab's December 30, 2023 post must be dismissed because that post is outside the statute of limitations. In Iowa, the statute of limitations for defamation, false light, and intentional infliction of emotional distress actions is two years. Iowa Code § 614.1(2). Plaintiff filed his Complaint on December 31, 2025. As such, the post made by Defendant Schwab on December 30, 2023 is outside the statute of limitations and any claims stemming from that post must be dismissed.

## V. CONCLUSION

As Defendant Schwab's statements are opinion statements regarding a matter of public concern, those statements are entitled to full constitutional protection. Further, Defendant Schwab's warning to parents to be aware of where their children are posted online was substantially true where those children were appearing on pornographic and other inappropriate websites. Additionally, Plaintiff has failed to properly plead the damages required for defamation per quod and tortious interference with a business relationship and has failed to plead facts to support the outrageous conduct required for claims of intentional infliction of emotional distress. Lastly, any claims stemming from the December 30, 2023 post are time barred. As such, Plaintiff's Complaint must be dismissed.

4148-99
JWR/LGN/LLB

WHEREFORE, Defendant Schwab respectfully requests the Court GRANT her Motion to

Dismiss, enter an Order dismissing this matter with prejudice, and for any further relief the Court

deems just and proper.

ALLYSON SCHWAB, Defendant

BY: _____/s/ Joseph W. Rust_____
HEYL, ROYSTER, VOELKER & ALLEN
Joseph W. Rust AT0013116

HEYL, ROYSTER, VOELKER & ALLEN
33 N. Dearborn St., 7th Floor
Chicago, IL 60602
Telephone:     312.853.8700
Primary E-service: chiecf@heylroyster.com
Secondary E-service: jrust@heylroyster.com
Secondary E-service: lnolan@heylroyster.com
Secondary E-service: lbuecker@heylroyster.com

Case 6:25-cv-02074-LTS-KEM     Document 13-1     Filed 04/13/26     Page 16 of 17

## **PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing instrument was filed via the CM/ECF System and served upon all counsel of record in the above cause by transmitting a copy to all primary and secondary e-mail addresses of record designated by those individuals on the 13th day of April, 2026.

To:

***Counsel for Plaintiff***
Richard A. Stefani
Gray, Stefani, & Mitvalsky, P.L.C.
425 Second St., S.E., Suite 700
P.O. Box 456
Cedar Rapids, IA 52406-0456
T: 319-364-1535
***rickstefani@gsmlawyers.com***

                       /s/ Sharon Skierkiewicz
                       sskierkiewicz@heylroyster.com

HEYL, ROYSTER, VOELKER & ALLEN
33 N. Dearborn St., 7th Floor
Chicago, IL 60602
Telephone: 312.853.8700
Primary E-service: chiecf@heylroyster.com
Secondary E-service: kbayer@heylroyster.com
Secondary E-service: lnolan@heylroyster.com
Secondary E-service: lbuecker@heylroyster.com