4148-99
JWR/LGN/LLB

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF IOWA
### EASTERN DIVISION

| | | |
|---|---|---|
| NIMA GHARAVI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 25-CV-2074 LTS-KEM |
| ALLYSON SCHWAB, | ) | |
| | ) | Judge: |
| Defendant. | ) | Honorable Leonard T. Strand |
| | ) | |
| | ) | Magistrate Judge: |
| | ) | Honorable Kelly K.E. Mahoney |

## DEFENDANTS MOTION FOR EXTENSION OF TIME TO FILE RESPONSIVE PLEADINGS AND FOR LEAVE TO FILE IN EXCESS OF THE PAGE LIMITATION

NOW COMES Defendant, ALLYSON SCHWAB, by her attorneys, HEYL, ROYSTER, VOELKER & ALLEN, P.C., and for her Motion for Extension of Time to File Responsive Pleadings and for Leave to File in Excess of the Page Limitations states as follows:

### EXTENSION OF TIME TO FILE RESPONSIVE PLEADINGS

1. On April 13, 2026, Defendant Schwab filed a Motion to Dismiss Plaintiff's Complaint. As Plaintiff's Complaint was filed in an Iowa forum against an Iowa Defendant, Defendant Schwab did not raise choice of law issues.

2. However, in Plaintiff's resistance brief, which was filed on April 27, 2026, Plaintiff, for the first time raised choice of law issues, claiming Illinois law applies to the instant action.

3. Pursuant to Local Rule 7(g), Defendant has 7 days from the time Plaintiff files its resistance brief to file Defendant's reply to respond to new and unanticipated arguments in the resistance.

4. As such, Defendant Schwab's Reply brief must be filed by May 4, 2026.

5. Defendant Schwab did not anticipate having to file a Reply brief addressing both Iowa and Illinois law and their application to the issues raised by Plaintiff.

6. Defendant, pursuant to Federal Rule of Civil Procedure 6(b), requests an extension of time to file her Reply to Plaintiff's resistance brief to May 18, 2026. This is Defendant's first request for an extension of time to file a Reply brief.

7. Defense counsel conferred with Plaintiff's counsel on May 4, 2026 and Plaintiff had no objection to our Motion for Extension of Time.

8. No party will be prejudiced by this request as this Motion is brought in good faith and not for the purpose of delay.

## **LEAVE TO EXCEED THE FIVE (5) PAGE LIMITATION**

9. Plaintiff's Complaint includes claims for defamation per se, defamation per quod, false light invasion of privacy, tortious interference with prospective business relationships, and intentional infliction of emotional distress.

10. Defendant Schwab has attempted to prepare a Reply brief addressing the choice of law issues raised (Iowa law versus Illinois law) and addressing the analysis Plaintiff has done for each of these claims comparing Illinois and Iowa law.

11. However, in her attempt to do so, Defendant Schwab has ascertained she cannot address the pertinent points raised by Plaintiff in 5 pages.

12. For example, Iowa law and Illinois law differ substantially in how they apply the "of and concerning" prong of defamation law, which in Illinois, also applies to claims for false light invasion of privacy. *See e.g., Bierman v. Weier*, 826 N.W.2d 436, 464-65; *See e.g., Barry Harlem Corp.*

2

*v. Kraff,* 273 Ill.App.3d 388, 390-91 (1st Dist. 1995); *See e.g., Muzikowski v. Paramount Pictures Corp.*, 322 F.3d 918, 927 (7th Cir. 2003).

13.     Due to the sheer number of alleged causes of action the defendant must respond to and the complexity of responding to both Iowa and Illinois law issues, defendant is unable to limit her Reply to five (5) pages.

14.     Therefore, Defendant requests that her Reply be allowed in excess of the five (5) page limit set forth in local rule Local Rule 7(g).

**WHEREFORE**, Defendant Allyson Schwab respectfully requests this Honorable Court grant her Motion for Extension of Time allowing her up to and including May 18, 2026 in which to file her Reply to Plaintiff's Resistance Brief to Defendant Schwab's Motion to Dismiss and grant Defendant leave to file her Reply in excess of the five (5) page limitation set forth in Local Rule 7(g) and grant any such other and further relief as the Court deems necessary and proper.

ALLYSON SCHWAB, Defendant

BY:                    /s/ Joseph W. Rust
                    HEYL, ROYSTER, VOELKER & ALLEN
                    Joseph W. Rust AT0013116

HEYL, ROYSTER, VOELKER & ALLEN
33 N. Dearborn St., 7th Floor
Chicago, IL 60602
Telephone:     312.853.8700
Primary E-service: chiecf@heylroyster.com
Secondary E-service: jrust@heylroyster.com
Secondary E-service: lnolan@heylroyster.com
Secondary E-service: lbuecker@heylroyster.com

3

4148-99
KEB/LGN/LLB

## PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing instrument was filed via the CM/ECF System and served upon all counsel of record in the above cause by transmitting a copy to all primary and secondary e-mail addresses of record designated by those individuals on the 4th day of May, 2026.

To:

***Counsel for Plaintiff***
Richard A. Stefani
Gray, Stefani, & Mitvalsky, P.L.C.
425 Second St., S.E., Suite 700
P.O. Box 456
Cedar Rapids, IA 52406-0456
T: 319-364-1535
***rickstefani@gsmlawyers.com***

Olivia E. Duggins
Swanson, Martin & Bell, LLP
330 N. Wabash Avenue, Suite 3300
Chicago, IL 60611
T: 312-222-8534
***oduggins@smbtrials.com***

/s/ Sharon Skierkiewicz
sskierkiewicz@heylroyster.com

HEYL, ROYSTER, VOELKER & ALLEN
33 N. Dearborn St., 7th Floor
Chicago, IL 60602
Telephone: 312.853.8700
Primary E-service: chiecf@heylroyster.com
Secondary E-service: kbayer@heylroyster.com
Secondary E-service: lnolan@heylroyster.com
Secondary E-service: lbuecker@heylroyster.com

4