4148-99
JWR/LGN/LLB

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
EASTERN DIVISION**

| | | |
|---|---|---|
| NIMA GHARAVI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 25-CV-2074 LTS-KEM |
| ALLYSON SCHWAB, | ) | |
| | ) | Judge: |
| Defendant. | ) | Honorable Leonard T. Strand |
| | ) | |
| | ) | Magistrate Judge: |
| | ) | Honorable Kelly K.E. Mahoney |

## DEFENDANT ALLYSON SCHWAB'S REPLY TO PLAINTIFF'S RESISTANCE TO HER MOTION TO DISMISS

NOW COMES Defendant, ALLYSON SCHWAB, by her attorneys, HEYL, ROYSTER, VOELKER & ALLEN, P.C., and for her  Reply to Plaintiff's Resistance to Defendant Schwab's Motion to Dismiss states as follows:

### I. INTRODUCTION

Defendant Schwab, an Iowa resident, filed her Motion to Dismiss, in this Iowa forum on April 13, 2026. *See* ECF 13. In Plaintiff's resistance brief, which was filed on April 27, 2026, Plaintiff alleges that Illinois law applies. *See* ECF 17. While Plaintiff conducts a minimal choice of law analysis (which is confined to a footnote), Defendant has no objection to applying Illinois law to the current action. Applying Illinois law does not help Plaintiff. In fact, applying Illinois law further strengthens Defendant Schwab's position that the counts of defamation per se and false light invasion of privacy of Plaintiff's Complaint must be dismissed because none of the posts made by Defendant Schwab name Plaintiff or include any identifying information about him and thus, could be referring to anyone. Further, even applying Illinois law, Plaintiff's statements that parents should be aware of where their children are posted on the internet are protected opinions,

particularly where the children appear on pornographic websites. Lastly, even applying Illinois law, Plaintiff has failed to adequately plead facts to support claims of defamation per quod, tortious interference with a business relationship, and intentional infliction of emotional distress. Ultimately, should the court apply Iowa law or Illinois law the result is the same. The case must be dismissed.

## II.    LEGAL STANDARD

### a.  Defamation Per Se & False Light Invasion of Privacy

To state a defamation claim, "a plaintiff must present facts showing that the defendant made a false statement about the plaintiff, that the defendant made an unprivileged publication of that statement to a third party, and that this publication caused damages." *Green v. Rogers,* 917 N.E.2d 450, 459 (Ill. 2009). A statement is defamatory per se if the harm is obvious and apparent on its face. *Id.* In Illinois, to state a claim for defamation per se, Plaintiff must plead the statement made falls into one of five categories: (1) words that impute commission of criminal offense; (2) words that impute infection with loathsome communicable disease; (3) words that impute inability to perform or want of integrity in discharge of duties of office or employment; (4) words that prejudice party, or impute lack of ability, in his or her trade, profession or business; and (5) false accusations of fornication or adultery." *Bryson v. News America Publications, Inc.,* 672 N.E.2d 1207, 1214-15 (Ill. 1996). Under Iowa law, a statement can be "of and concerning the plaintiff" even where the Plaintiff is not named in the alleged defamatory statements. *Bierman v. Weier,* 826 N.W.2d 436, 464-65. Unlike Iowa, in Illinois, "where a statement does not mention the Plaintiff by name, it cannot be injurious to him or her on its face." *Barry Harlem Corp. v. Kraff*, 652 N.E. 1077, 1079-80 (1st Dist. 1995). If a statement is capable of "two reasonable constructions, one defamatory and one innocent, the innocent one will prevail." *Muzikowski v. Paramount Pictures*

*Corp.,* 322 F.3d 918, 924 (7th Cir. 2003). In Illinois, this determination is a question of law and is a determination that must be made by the judge. *Id.*

When analyzing false light, Plaintiff must plead the publicity at issue is "of and concerning" him, that it placed him before the public in a false light, and that there was actual malice. *Id.* at 927. If a statement can be reasonably construed as referring to someone other than Plaintiff, they are not "of and concerning him" and Plaintiff cannot state a claim for false light." *Id.* Whether a statement can be reasonably interpreted as referring to someone other than the plaintiff is a determination that must be made by the judge. *Id.* Where a false light invasion of privacy claim follows an unsuccessful defamation claim, the false light claim must fail. *Gracia v. SigmaTron International, Inc.,* 986 F.3d 1058, 1062 (7th Cir. 2021).

### b. Defamation Per Quod

A defamation per quod action may be brought "where the defamatory character of the statement is not apparent on its face, and resort to extrinsic circumstances is necessary to demonstrate its injurious meaning" and where "a statement is defamatory on its face, but does not fall within one of the limited categories of statements that are actionable *per se." Bryson,* 672 N.E.2d at 1221 (Ill. 1996). Where the defamatory statement is not defamatory on its face, Plaintiff must "plead and prove extrinsic facts to explain the defamatory meaning of the statement." *Id.*

### c. Tortious Interference with a Business Relationship

In Illinois, tortious interference with a business relationship requires the plaintiff to plead and prove "(1) reasonable expectancy of entering into a valid business relationship; (2) defendants' knowledge of that expectancy; (3) purposeful interference by the defendant that prevents the plaintiff's legitimate expectancy from ripening into a valid business relationship, and (4) damages to the plaintiff resulting from defendants' interference." *Fidelity National Title Insurance Company of New York v. Westhaven Properties Partnership,* 898 N.E.2d 1051, 1067(1st Dist.

2007). When considering such a claim, "the focus is on the conduct of the party interfering with the expectancy." *Id.*

### d. Intentional Infliction of Emotional Distress

To state a claim for intentional infliction of emotional distress in Illinois, the Plaintiff must plead that the conduct involved is extreme and outrageous, that the actor intended to inflict severe emotional distress or knew there was a high probability that his conduct would cause severe emotional distress, and that the conduct did in fact cause severe emotional distress. *McGrath v. Fahey,* 533 N.E.2d 806, 809 (1988). Intentional infliction of emotional distress does not extend "mere insults indignities, threats, annoyances, petty oppressions, or other trivialities." *Id.* "The outrageousness of a defendant's conduct must be determined in view of all the facts and circumstances pleaded and proved in a particular case." *Id.* at 811. Where Plaintiff claims he "suffered severe emotional distress" such a conclusory allegation "is not entitled to the same presumption of truth that well-plead facts merit at the motion to dismiss stage." *Caparelli-Ruff v. Board of Education of East Aurora School District 131,* 685 F.Supp.3d 983, 997 (N.D.Ill. Sept. 27, 2023). The allegations must include sufficient factual detail to render the facts plausible. *Id.*

### III. LEGAL ARGUMENT

    **a. Applying Illinois law, Plaintiff's claims must be dismissed because the statements posted by Defendant Schwab could be referring to someone other than Plaintiff and are therefore not "of an concerning the plaintiff" which is required for Plaintiff's defamation per se and false light counts.**

Applying Illinois law, Plaintiff's claims regarding defamation per se and false light must be dismissed because Defendant Schwab's social media comments could be interpreted as referring to someone other than Plaintiff. For example, in *Barry Harlem*, Plaintiff, who was an eye center, filed suit against Defendant for allegedly defamatory statements published regarding the treatment of eye disorders using no-stitch cataract surgery. *Barry Harlem Corp.*, 652 N.E. at 1079.

At the time of the publication, Plaintiff treated eye disorders and had an advertising campaign regarding no-stitch cataract surgery. *Id*. Plaintiff claims he was the only ambulatory surgery center in the area with an advertising campaign regarding no-stitch cataract surgery. *Id.* Defendant published a newsletter which was distributed throughout the Chicago area and which commented on the marketing and advertising of the procedure. *Id.* In his Complaint, Plaintiff claimed the statements in the newsletter were defamatory because they imputed an inability to perform employment and prejudiced him or imputed a lack of ability in his profession or business. *Id.* Plaintiff claimed the Defendant had accused him of fraud and of using negligent and unsafe medical techniques. *Id.*

When analyzing the statements, the Court opined that Plaintiff was never mentioned and Defendant referred only to the no-stitch procedure. *Id.* at 1080. Specifically, the Court found there was "no mention of plaintiff, no mention of its medical facility, and no mention of the medical field." *Id*. Since the Court found the commentary could be reasonably interpreted as referring to someone other than Plaintiff, the Court found the statements were not defamatory per se. *Id.*

Here, Plaintiff points to Defendant Schwab's reference to views using numbers like "2.6 million," "240k views," and "400k" as identifying information. This is akin to the Defendant in *Barry* criticizing the no-stitch cataract procedure. It is not enough to establish defamation or false light invasion of privacy. Defendant Schwab's posts do not identify Plaintiff, his YouTube channel, or even that he is an official in the wrestling community. Nothing in the posts describe Plaintiff, where he lives, what State he is in, or where he works. As Defendant Schwab has always maintained, her post was a general warning to parents to be aware of where their children were posted online. In this instance, those videos were being posted on pornographic websites. As such, Defendant Schwab's statements were not defamatory per se and did not place Plaintiff in a false light.

5

Likewise, in *Green,* on which Plaintiff relies, plaintiff, without including the actual statements of defendant, pled the core of plaintiff's defamation per se claims was that defendant made statements that Plaintiff "exhibited a long pattern of misconduct with children which was not acceptable for [] coaches" and that Plaintiff "abused players, coaches, and umpires . . ." *Green,* 917 N.E.2d at 492. In examining these statements, the Court found "on their face, these allegations do not set forth a precise and particular account of the statements defendant allegedly made." *Id.* The Court emphasized it could not ascertain what type of "misconduct" plaintiff exhibited where only "general abuse" claims were alleged. *Id.* While it was plaintiff's interpretation that the statements made by defendant had a sinister meaning, that is not what was actual pled. *Id.* The Court could not impute Plaintiff's interpretation of the statements to what was pled. *Id.*

Here, while Plaintiff has pled the actual statements of Defendant Schwab, Plaintiff asks the Court to impute his interpretation of the statements and allow his interpretation to control rather than what was actually stated by Defendant Schwab. For example, Plaintiff's interpretation of Defendant Schwab's posts was that she accused him of "intentionally sexualizing minors and facilitating inappropriate viewership." ECF 17 at 4. Absolutely nowhere in any post does Defendant Schwab make these statements concerning Plaintiff. One must simply read the statements of Defendant Schwab to know that on their face, the statements of Defendant Schwab are not obviously harmful. As such, Plaintiff's defamation per se and false light invasion of privacy claims must be dismissed.

### b. Applying Illinois law, Plaintiff has failed to plead the requisite facts to support a claim of defamation per quod.

Applying Illinois law, Plaintiff has failed to plead the requisite facts to support a claim of defamation per quod. The extrinsic facts which Plaintiff relies on to show Defendant Schwab's statements were defamatory were that (1) the posts came "within two days" of his ejection from

the "Midlands Championship," (2) Defendant Schwab called the person who ejected Plaintiff her "new hero," and (3) "numerous" third parties responded to the posts naming Plaintiff. Yet, the posts included in the Complaint as exhibits tell a different story. For instance, on the December 30, 2023 post, there is one comment which identifies Midwest Wrestle, Plaintiff's YouTube channel. ECF 1, Ex. A. That comment states "My good friend [illegible Twitter handle] pointed this out to me yesterday. I'm grateful he did. Midwest Wrestle has my son video (of course in a white singlet) and 21k views. . ." *Id.*

This comment explicitly states it was not Defendant Schwab's post that cued her to look at Plaintiff's videos, it was the commentors friend who did so. Further the timing of Defendant Schwab's posts or that she privately expressed her opinion to someone that they were her "hero" for getting Plaintiff kicked out of a wrestling match has zero bearing on whether the social media posts were defamatory. In the posts included in the Complaint by Plaintiff, there is no reference in any other comment to Plaintiff or his YouTube channel. *Id.* As such, because Plaintiff has pled no extrinsic facts which support the defamatory meaning of Defendant Schwab's posts, Plaintiff's defamation per quod claims should be dismissed.

> ### c. Applying Illinois law, Defendant Schwab's statements were opinions and her general warning opinions to parents had merit where it was factually correct that Plaintiff's videos of children's wrestling matches were appearing on pornographic websites.

Plaintiff has failed to plead any facts which support Defendant Schwab's statements were anything more than opinion statements and his claims must be dismissed. For instance, Plaintiff cites *Solaia Technology, LLC* to support his position that Defendant Schwab's statements were not opinion. However, in that case, the Court found the statement that Plaintiff's were "deeply greedy people" was protected opinion while the defamatory content that a patent was "essentially worthless" was actionable. In *Solaia,* the Court noted, "[u]nder the First Amendment there is no

such thing as a false idea. However pernicious an opinion may seem, we depend for its correction not on the conscience of judges and juries but on the competition of other ideas." *Solaia Technology, LLC v. Specialty Pub. Co.,* 221 Ill.2d 558, 581 (2006).

Further, in finding that "deeply greedy people" was not actionable the Court opined the phrase had "no precise meaning" and while it may have been "judgmental" it was not factual. *Id.* at 583. In finding the "essentially worthless" statement was actionable, the Court distinguished that the letter which contained this information specifically identified the patent and therefore identified Plaintiff. *Id.* at 584. Since the patent at issue was labeled as worthless and specifically named Plaintiff, the Court found such a statement "directly impugns the plaintiffs' integrity by questioning the validity of the patent and consequently the validity of Solaia Technology's infringement claims." *Id.* at 584.

Defendant Schwab's post is much more akin to the "deeply greedy people" statements in *Solaia* because first, it is a general statement warning parents. While Plaintiff may not like Defendant Schwab's opinions that youth wrestling should not have millions of online views or that videos of children should be shot or cropped in a certain way, that doesn't make her opinions defamatory. Second, these opinions have "no precise meaning." It is Defendant Schwab's opinion that a youth wrestling match should not have millions of views and that different stylistic choices should be made to protect the children in these videos. Her opinion, as it turns out, has merit where the videos of those children were appearing on pornographic websites.

**d. Plaintiffs' claim against Defendant Schwab alleging intentional infliction of emotion distress should be dismissed because Plaintiffs failed to plead facts which demonstrate extreme and outrageous conduct by Defendant Schwab.**

Plaintiff has failed to plead Defendant Schwab's acts are extreme and outrageous. Plaintiff claims Defendant Schwab posted statements that Plaintiff was "actively posting or encouraging others to post his videos to pornographic websites" and that Plaintiff "poses a danger to minors."

8

Again, Plaintiff improperly uses his interpretation of Defendant Schwab's statements rather than what the statements actually say to support his claims of intentional infliction of emotional distress. Further, Plaintiff has wholly failed to plead that Defendant Schwab intended to inflict severe emotional distress or knew there was a high probability that her conduct would cause severe emotional distress. Plaintiffs' allegations lack sufficient detail to render it plausible that Ms. Schwab posting a general warning to parents states a claim for intentional infliction of emotional distress. As such, this count should be dismissed.

**e. Plaintiff has failed to plead Defendant purposefully or intentionally interfered with a business expectation.**

As to Plaintiff's claims for interference with business relations, Plaintiff has failed to plead any facts, beyond mere conclusory allegations, that Defendant Schwab intentionally interfered with his business relationships or that she engaged is some impropriety. To prevail, the plaintiff must show more than that the defendant interfered with a business expectancy. *Id.* There must be a showing that the defendant purposefully or intentionally interfered which refers to some impropriety committed by the defendant in interfering with the plaintiff's business expectation. *Id.* The plaintiff "must show that defendant acted intentionally with the purpose of injuring the plaintiff's expectancy." *Id.* at 219. Instead, Plaintiff merely pleads that to interfere with his business relationships, Defendant published "false and defamatory statements with actual malice." As Plaintiff's statements were not of and concerning the Plaintiff and were not defamatory. Further, Plaintiff has failed to plead how Defendant Schwab knew of those business relationships and how she intentional interfered with the same. As such, Plaintiff's claims regarding interference with a business expectation should be dismissed.

9

4148-99
JWR/LGN/LLB

## VI. CONCLUSION

Plaintiff's claims of defamation per se and false light invasion of privacy must be dismissed as Defendant Schwab's social media posts could be referring to anyone where the posts do not identify Plaintiff or include any identifying information about Plaintiff. Further, Defendant Schwab's statements were opinions and Plaintiff has included no extrinsic facts to support Defendant Schwab's statements were defamatory, Thus Plaintiff's claims of defamation per quod must also be dismissed. Lastly, as Plaintiff has failed to adequately plead facts to support claims of tortious interference with a business relationship and intentional infliction of emotional distress, those claims should also be dismissed.

WHEREFORE, Defendant ALLYSON SCHWAB requests that this Court GRANT Defendant ALLYSON SCHWAB's Motion to Dismiss Plaintiff's Complaint with prejudice and grant any such other and further relief as the Court deems just and proper.

ALLYSON SCHWAB, Defendant

BY: _____ /s/ Joseph W. Rust____
HEYL, ROYSTER, VOELKER & ALLEN
Joseph W. Rust AT0013116

HEYL, ROYSTER, VOELKER & ALLEN
33 N. Dearborn St., 7th Floor
Chicago, IL 60602
Telephone:    312.853.8700
Primary E-service: chiecf@heylroyster.com
Secondary E-service: jrust@heylroyster.com
Secondary E-service: lnolan@heylroyster.com
Secondary E-service: lbuecker@heylroyster.com

4148-99
JWR/LGN/LLB

## PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing instrument was filed via the CM/ECF System and served upon all counsel of record in the above cause by transmitting a copy to all primary and secondary e-mail addresses of record designated by those individuals on the 15th day of May, 2026.

To:
***Counsel for Plaintiff***
Richard A. Stefani
Gray, Stefani, & Mitvalsky, P.L.C.
425 Second St., S.E., Suite 700
P.O. Box 456
Cedar Rapids, IA 52406-0456
T: 319-364-1535
*rickstefani@gsmlawyers.com*

Olivia E. Duggins
Swanson, Martin & Bell, LLP
330 N. Wabash Avenue, Suite 3300
Chicago, IL 60611
T: 312-222-8534
*oduggins@smbtrials.com*

/s/ Sharon Skierkiewicz
sskierkiewicz@heylroyster.com

HEYL, ROYSTER, VOELKER & ALLEN
33 N. Dearborn St., 7th Floor
Chicago, IL 60602
Telephone: 312.853.8700
Primary E-service: chiecf@heylroyster.com
Secondary E-service: kbayer@heylroyster.com
Secondary E-service: lnolan@heylroyster.com
Secondary E-service: lbuecker@heylroyster.com

11