**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF IOWA**
**EASTERN DIVISION**

| | |
|---|---|
| NIMA GHARAVI,<br><br>Plaintiff,<br><br>vs.<br><br>ALLYSON SCHWAB,<br><br>Defendant. | CASE NO. 25-cv-2074-LTS-KEM<br><br>**PLAINTIFF NIMA GHARAVI'S MOTION FOR LEAVE TO AMEND THE COMPLAINT** |

Plaintiff NIMA GHARAVI ("Plaintiff"), pursuant to Federal Rule of Civil Procedure 15(a)(2), respectfully moves for leave to file an Amended Complaint to add Right Call Officials, Inc., as a plaintiff, and states as follows:

1. Plaintiff filed this action, *pro se*, against Defendant, Allyson Schwab ("Defendant") on December 29, 2025. Doc. 2. Counsel subsequently appeared on behalf of Plaintiff after the Complaint was filed. Docs. 7, 14.

2. On April 13, 2026, Defendant filed a motion to dismiss. Doc. 13. That motion has been fully briefed and is pending before the Court. Docs. 17, 22.

3. On May 18, 2026, this Court entered a Scheduling Order and Discovery Plan with a deadline to add parties and amend the pleadings by July 8, 2026. Doc. 23.

4. Plaintiff seeks leave to amend the Complaint to add Right Call Officials, Inc. ("Right Call") as a plaintiff.

5. Right Call was not an original plaintiff in this action because Plaintiff filed the Complaint *pro se*, and *pro se* parties cannot represent another entity. *Kikifer's Entrepreneurial Acad. v. Winnebago Cnty. Cmty. Health Bd.*, 2025 WL 4698244, at *1 (N.D. Ill. Apr. 21, 2025); *accord Bricklayers & Allied Craftworkers Admin. Dist. Council of E. Missouri v. Riley Flooring & Cabinets, LLC*, 2023 WL 34393, at *1 (E.D. Mo. Jan. 4, 2023). As Plaintiff is now represented by counsel in this action, Right Call may be properly represented. Right call is also a proper party to this action because it is a real party in interest. Right Call is the corporate entity through which Plaintiff conducts his officiating business, contracts with schools and universities for officiating services, and receives certain revenue streams that are relevant to the claims asserted in this action. As it is alleged that Right Call sustained damages as a result of Defendant's conduct, it should be added as a plaintiff in this matter.

6. Fed. R. Civ. P. 15(a)(2) provides that leave to amend should be freely given when justice so requires. Amendments should be freely given unless there is good reason to deny leave to amend, such as undue delay, bad faith, prejudice to the opposing party, or futility. *Musa v. Comm'r of Internal Revenue*, 854 F.3d 934, 938 (7th Cir. 2017); *accord United States v. Vorachek*, 563 F.2d 884, 886 (8th Cir. 1977).

7. This is Plaintiff's first request for leave to amend the Complaint, and it is sought timely pursuant to the Court's Scheduling Order and without undue delay. The proposed amendment is limited to the addition of Right Call as a plaintiff. The proposed amendment does not add any new claims against Defendant, nor does it substantively alter the existing factual allegations, claims, or issues presently before the Court. As Plaintiff's allegations against Defendant will remain unchanged, Defendant will suffer no prejudice as a result of the amendment. The amendment should have no impact on the pending motion to dismiss. *See Semler v. Wilms*, No. 13-3283JNE, 2014 WL 3845779, at *5 (D. Minn. Aug. 5, 2014) (explaining that as plaintiff's proposed amendment to the existing defendant's name and title did not introduce any new claims or factual allegations that were not previously advanced in the original Complaint, the Court can grant the amendment and still consider defendant's motion to dismiss).

8. Moreover, Plaintiff is not acting in bad-faith by bringing this motion. The amendment is made solely to add a party to this litigation so that all proper parties are before the Court.

9. A redlined copy of the proposed Amended Complaint is attached as **Exhibit 1**, and a clean copy is attached as **Exhibit 2**.

10. Attached are Exhibits A and B to the proposed Amended Complaint (**Exhibit 2**).

11. In the alternative, should the Court conclude that granting leave to amend would render Defendant's pending motion to dismiss moot, Plaintiff respectfully requests that the Court deny leave without prejudice and grant Plaintiff leave to renew this motion following disposition of the pending motion to dismiss, and that any renewed motion filed within fourteen days of that disposition be deemed, for purposes of the Court's Scheduling Order, to relate back to the date of this motion.

12. On July 7, 2026, counsel for Plaintiff conferred with counsel for Defendant regarding the relief requested herein. Counsel for Defendant opposes this motion.

WHEREFORE, Plaintiff NIMA GHARAVI, pursuant to Federal Rule of Civil Procedure 15(a)(2), respectfully requests that the Court grant this motion for leave to file an Amended Complaint adding Right Call Officials, Inc., as a plaintiff; or, in the alternative, should the Court conclude that granting leave to amend would render Defendant's pending motion to dismiss moot, deny leave without prejudice and grant Plaintiff leave to renew this motion following disposition of the pending motion to dismiss; and grant any additional relief that the Court deems just and appropriate.

Dated: July 8, 2026

Respectfully submitted,

By: */s/ Olivia E. Duggins*

Richard A. Stefani [AT0007583]
GRAY, STEFANI & MITVALSKY, P.L.C.
425 Second Street, S.E., Suite 700
P.O. Box 456
Cedar Rapids, Iowa 52406-0456
Email: rickstefani@gsmlawyers.com
Tel.: 319/364-1535

Olivia E. Duggins (*pro hac vice*) [6439003]
SWANSON, MARTIN & BELL, LLP
330 N. Wabash Avenue, Suite 3300
Chicago, Illinois 60611
Phone: (312) 321-9100
oduggins@smbtrials.com

**ATTORNEYS FOR PLAINTIFF
NIMA GHARAVI**