**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF IOWA**
**EASTERN DIVISION**

NIMA GHARAVI~~,~~ and RIGHT CALL OFFICIALS, INC.,

~~Plaintiff~~Plaintiffs,

v.

ALLYSON SCHWAB,

Defendant.

Case No.

JURY TRIAL DEMANDED

## COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF

~~Plaintiff~~Plaintiffs, NIMA GHARAVI ("Mr. Gharavi"~~ or "Plaintiff"~~) and RIGHT CALL OFFICIALS, INC. ("Right Call Officials, Inc.") (collectively, "Plaintiffs")~~,~~ by counsel ~~appearing *pro se*,~~ for their ~~his~~ Complaint against Defendant ALLYSON SCHWAB ("Defendant" or "Ms. Schwab"), state~~s~~ as follows:

## NATURE OF THE ACTION

1. This action arises from Defendant's publication of false and defamatory statements about ~~Plaintiff~~Plaintiffs, which have caused severe reputational harm, economic damages, and threats to ~~Plaintiff~~Mr. Gharavi's~~'s~~ physical safety. Defendant falsely accused ~~Plaintiff~~Plaintiffs of intentionally posting videos of youth wrestlers on pornographic websites and engaging in conduct that posed a danger to minors in the wrestling community.

2. This lawsuit stems from the same facts and circumstances alleged in Gharavi v. Presley, Case No. 1:24-cv-1969 (N.D. Ill.), where Defendant was dismissed without prejudice for lack of personal jurisdiction. ~~Plaintiff~~Plaintiffs now bring~~s~~ these claims in the District of Iowa, where Defendant resides and where personal jurisdiction is proper.

## PARTIES

3. ~~Plaintiff~~Plaintiff Nima Gharavi is a citizen of the State of Illinois and a resident of Chicago, Illinois. Mr. Gharavi is a registered wrestling official with the National Collegiate Athletic Association ("NCAA"), the Illinois High School Association ("IHSA"), the Illinois Elementary School Association ("IESA"), USA Wrestling ("USAW"), and other wrestling organizations. Mr. Gharavi has officiated wrestling matches throughout the United States, including in Iowa. Mr. Gharavi owns and operates a YouTube channel under the handle "Midwest Wrestle" where he posts edited videos of wrestling matches. Mr. Gharavi is the sole officer and employee of Right Call Officials, Inc., an Illinois corporation that he uses to manage the Midwest Wrestle YouTube channel.

4. Upon information and belief, Defendant Allyson Schwab is a citizen and resident of the State of Iowa, residing in Cedar Falls, Iowa. Defendant operates social media accounts on the platform X (formerly Twitter) under the handle "@AllysonSchwab." Defendant has a substantial following in the wrestling community and uses her social media accounts to publish content about youth wrestling, high school wrestling, and college wrestling that is accessible to users across the United States and in Iowa.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1332. ~~Plaintiff~~Mr. Gharavi is a citizen of Illinois and Right Call Officials, Inc. is an Illinois corporation. Defendant is a citizen of Iowa. There is complete diversity of citizenship between ~~Plaintiff~~Plaintiffs and Defendant. The amount in controversy exceeds $75,000, exclusive of interest and costs.

6. Personal jurisdiction exists over Defendant. Defendant is a resident of Cedar Falls, Iowa. Defendant published her statements about ~~Plaintiff~~Plaintiffs from Iowa using her X (formerly Twitter) account. Defendant knew that ~~Plaintiff~~Mr. Gharavi resided in Illinois and worked as a wrestling official at events in Iowa, Illinois, and other states. Defendant's statements were read by members of the wrestling community in Iowa and throughout the United States. Defendant communicated with wrestling coaches and officials in multiple states, including Illinois, encouraging them to exclude ~~Plaintiff~~ Mr. Gharavi from wrestling events.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because Defendant resides in the Northern District of Iowa, Eastern Division.

## FACTUAL ALLEGATIONS

### A. ~~Plaintiff~~Plaintiffs'~~s~~ Background and Work

8. Mr. Gharavi is an individual with a longstanding passion for the sport of wrestling.

~~9.~~ Mr. Gharavi has been a wrestling official through the NCAA, IHSA, IESA, USAW and other wrestling organizations for many years, and has officiated hundreds of wrestling matches across the United States.

9.

10. Mr. Gharavi is the only officer and employee of Right Call Officials, Inc. d/b/a Midwest Wrestle.

~~10.~~11. In addition to his officiating duties, Mr. Gharavi attends local and regional wrestling matches hosted by high schools, colleges, and universities across the United States.

~~11.~~12. Mr. Gharavi video records the wrestling matches he attends. The original—and a continuing—purpose of this work has been to build and grow a database of clips to be used for continuous improvement of wrestling officiating through in-person and online training clinics, as

well as through the modification of rules, and the issuance of Rules Book and Case Book updates based upon these clips.

~~12.~~13. After a number of years collecting clips originally seen only by officials, Mr. Gharavi established a YouTube channel under the handle "Midwest Wrestle" where he posts his edited videos to share his passion for the sport and so that friends and family of the athletes have a way to view and share the matches.

~~13.~~14. To maximize his viewership and provide higher-quality videos to attendees and fans of the sport, Mr. Gharavi utilizes a high-quality video camera and has spent considerable time producing the matches he recorded.

~~14.~~15. Mr. Gharavi has been working in the wrestling community for eight years. Midwest Wrestle has over 175,000 followers on YouTube.

~~15.~~16. Mr. Gharavi holds the copyrights to all original video content created for and posted to the Midwest Wrestle YouTube channel, which is operated as a business through Right Call Officials, Inc.

**B. Third-Party Interference with ~~Plaintiff~~Plaintiffs'~~s~~ Videos**

~~16.~~17. Especially in light of the fact that many of the subjects of Mr. Gharavi's videos and fans of his account are minors, Mr. Gharavi spends several hours each day reviewing third-party comments on the videos he posts to his Midwest Wrestle YouTube account, which includes translating comments in foreign languages to ensure offensive and inappropriate commentary are identified and removed and the offending accounts are blocked, and to otherwise ensure a positive and safe space for his viewers and the athletes contained within the videos.

~~17.~~18. Mr. Gharavi did not enable YouTube's embedding feature for the purpose of allowing pornographic websites to display his content.

~~18.~~19. Mr. Gharavi did not encourage or authorize any pornographic website to embed, display, or use his videos.

~~19.~~20. Mr. Gharavi never intended for pornographic websites to access or display his videos.

~~20.~~21. The only websites that have embedded Mr. Gharavi's videos, that he is aware of, are standard sources such as the NCAA and local wrestling clubs.

~~21.~~22. On or about June 5, 2023, Mr. Gharavi conducted an analysis of the top twenty-five most viewed videos on the Midwest Wrestle YouTube account and determined that external sites or applications embedding or linking to his YouTube videos make up less than 1% of the total viewership of his videos.

~~22.~~23. Mr. Gharavi has identified websites that have pirated (illegally copied or redistributed without permission) videos from the Midwest Wrestle YouTube channel, or otherwise re-posted his videos without his prior knowledge or consent.

~~23.~~24. Some of these websites, to Mr. Gharavi's great dismay, contain pornographic materials and other offensive content.

~~24.~~25. Mr. Gharavi is in no way affiliated with any pornographic or offensive websites. Mr. Gharavi has never consented to his videos being posted, copied, embedded, or displayed on any pornographic websites.

~~25.~~26. Mr. Gharavi has never encouraged anyone to post his videos to pornographic websites.

~~26.~~27. Mr. Gharavi regularly submits takedown requests pursuant to the Digital Millennium Copyright Act ("DMCA") to websites that have posted his videos without authorization, requesting that they expeditiously remove or disable access to his videos. Since May

2021, Mr. Gharavi has submitted approximately 325 DMCA takedown requests to various websites, including websites containing pornographic and offensive content.

~~27.~~28. Since December 2024, Mr. Gharavi has served 11 subpoenas under 17 U.S.C. § 512(h) to service providers including Tumblr, Inc., Microsoft Corporation, Google LLC, Reddit Inc., Meta Platforms, Inc., X Corp. (successor in interest to Twitter, Inc.), and Dynadot Inc., seeking information to identify persons who have infringed his copyrights by pirating his videos.

~~28.~~29. Mr. Gharavi strives to protect his video content and the athletes depicted within as much as he can.

~~29.~~30. Mr. Gharavi has never posted his wrestling videos to pornographic websites nor encouraged anyone to post his videos to pornographic websites.

**C. Defendant's False and Defamatory Statements**

~~30.~~31. Upon information and belief, from approximately December 30, 2023, through January 3, 2024, Defendant published multiple public posts on her X (formerly Twitter) social media account (@AllysonSchwab) containing false and defamatory statements about Mr. Gharavi and Midwest Wrestle.

~~31.~~32. On or about December 30, 2023, Defendant published a post stating, in relevant part:

> Ok real talk.
> I am a parent. I am also a content creator. I shoot video, photos, ect. I understand in our sport some things are going to maybe look a certain way or show in singlets. I crop, I sometimes just don't use a photo as a way to protect the kid. That same pic could be out there 30 other ways, but it's just what I do.
> Parents- do yourself a favor. Look at the places your kids pop up on-sites channels- Search them on YouTube. Is the video of the match or your child walking back and forth for a while. Is the image selected for the video suggestive?
> This is a real thing in our sport. All you have to do is look at the photos or videos of a creator to understand if it's intentional or not.

> Are all the frames selected for videos suggestive? Are all the photos of positions you wouldn't see other photographers post? Is there 240k views on a jv match?
> Do your due diligence and research! Also schools/tournament directors have someone check who you're credentialing to photograph these athletes esp minors.

(*See* Schwab Social Media Posts, attached as **Exhibit A**)

~~32.~~33. On or about December 30, 2023, Defendant published another post stating: "This makes me sick and why I got this convo going. So many parents don't know their kids are on someone's YouTube." (*See* Schwab Social Media Posts, attached as **Exhibit A**)

~~33.~~34. On or about December 31, 2023, Defendant published a post stating:

> "Friendly reminder to check if your kids are on a certain YouTube channel.
>
> No reason a 46kg youth girls match should have 2.6 million views." (*See* Schwab Social Media Posts, attached as **Exhibit A**)

~~34.~~35. On or about January 3, 2024, Defendant published a post stating:

> "Here is what I feel bad for.....
>
> The kids that think it's normal to have 400k views on their video from a local youth or hs tournament or that this is how they are getting recruited." (*See* Schwab Social Media Posts, attached as **Exhibit A**)

~~35.~~36. Defendant's posts were widely viewed and shared within the wrestling community, generating hundreds of thousands of views.

~~36.~~37. Although Defendant's December 30-31, 2023 posts did not explicitly name Mr. Gharavi or Midwest Wrestle, the posts contained identifying details that could only refer to Midwest Wrestle. Defendant's December 31, 2023 post stated "No reason a 46kg youth girls match should have 2.6 million views." At the time Defendant published this statement, Midwest Wrestle was the only YouTube channel with a video of a 46kg youth girls wrestling match that had

accumulated approximately 2.6 million views. Defendant's December 30, 2023 post asked "Is there 240k views on a jv match?" At the time Defendant published this statement, Midwest Wrestle had match videos with approximately 240,000 views. Defendant published these posts on December 30-31, 2023, one to two days after Mr. Gharavi was ejected from the Midlands Championships on December 29, 2023. Multiple third parties who read Defendant's posts responded by explicitly naming Mr. Gharavi and Midwest Wrestle.

~~37.~~38. Defendant's statements accused Mr. Gharavi of posting videos with inappropriate intent, allowing pornographic websites to embed his videos, posing a danger to minors, and engaging in conduct that warranted denial of credentials by schools and tournament directors.

~~38.~~39. These statements are false. Mr. Gharavi does not post videos with inappropriate intent, does not allow or encourage pornographic websites to use his videos, and does not pose any danger to the wrestling community.

~~39.~~40. Defendant never contacted Mr. Gharavi to verify the truth of her accusations before publishing them.

~~40.~~41. Upon information and belief, Defendant conducted no reasonable investigation into the truth of her statements before publishing them.

**D. Defendant's Private Coordination and Encouragement of Adverse Actions**

~~41.~~42. In addition to her public statements, Defendant engaged in private communications with third parties to encourage and celebrate adverse actions taken against Mr. Gharavi.

~~42.~~43. On December 29, 2023, Jason Bryant, a wrestling media personality, sent text messages to Northwestern University Head Wrestling Coach Matt Storniolo advising him that Mr. Gharavi posed a danger to the wrestling community and should be ejected from the Midlands

Championships wrestling tournament, a prestigious event held at Northwestern University in Evanston, Illinois. Coach Storniolo ejected Mr. Gharavi from the tournament that same day.

~~43.~~44. On or about October 24, 2025, Coach Storniolo's counsel produced documents in response to a third-party subpoena revealing that, following Mr. Gharavi's ejection, Defendant reached out to Coach Storniolo unprompted to praise him for ejecting Mr. Gharavi.

~~44.~~45. Specifically, Defendant sent a private message to Coach Storniolo calling him her "hero" for ejecting Mr. Gharavi from the tournament. (*See* Matt Storniolo Text Messages, attached as **Exhibit B**)

~~45.~~46. Defendant sent this message to Coach Storniolo without being asked, praising him for ejecting Mr. Gharavi based on accusations that Mr. Gharavi posed a danger to the wrestling community.

~~46.~~47. Upon information and belief, Defendant made similar private communications to other wrestling authorities, tournament directors, coaches, and officials to encourage adverse actions against Mr. Gharavi, including credential revocations, ejections from events, and contract terminations.

~~47.~~48. Upon information and belief, Defendant has never personally observed any of Mr. Gharavi's videos on a pornographic website.

~~48.~~49. Upon information and belief, Defendant possesses no evidence that Mr. Gharavi has ever posted videos to pornographic websites or encouraged others to do so.

### E. Damage to ~~Plaintiff~~Plaintiffs

~~49.~~50. As a direct result of Defendant's false statements and private communications, wrestling coaches, officials, and organizations in the wrestling community have refused to work with Mr. Gharavi, have terminated his contracts, and have excluded him from events.

~~50.~~51. Wrestling coaches, tournament directors, and officials have requested that Mr. Gharavi and/or Midwest Wrestle cease filming at events or leave premises based on Defendant's false accusations.

~~51.~~52. Organizations including IESA, IHSA, and NCAA have cancelled or declined to renew contracts with Mr. Gharavi and/or Midwest Wrestle based on Defendant's false accusations.

~~52.~~53. Plaintiffs have ~~Mr. Gharavi has~~ lost business opportunities, sponsorships, and revenue as a direct result of Defendant's conduct.

~~53.~~54. Mr. Gharavi has been subjected to public ridicule, harassment, and threats of physical violence from third parties who believed Defendant's false accusations.

~~54.~~55. On December 31, 2023, a third party published Mr. Gharavi's home address on social media in connection with Defendant's false accusations.

~~55.~~56. On or about January 2, 2024, Mr. Gharavi was the victim of an attempted break-in at his home.

~~56.~~57. The break-in occurred shortly after Defendant's posts generated widespread anger and threats against Mr. Gharavi in the wrestling community.

~~57.~~58. Mr. Gharavi has fled his home state and continues to fear for his physical safety as a result of Defendant's false accusations and the resulting threats and harassment.

~~58.~~59. Mr. Gharavi has suffered and continues to suffer severe emotional distress, anxiety, and mental anguish as a result of Defendant's conduct.

~~59.~~60. Defendant knew or should have known that her false statements would cause severe harm to Mr. Gharavi's reputation and livelihood, yet she published them with reckless disregard for their truth or falsity.

~~60.~~61. Defendant acted with actual malice in publishing her false statements, knowing they were false or with reckless disregard as to whether they were true or false.

~~61.~~62. As a result of Defendant's unlawful conduct, ~~Plaintiff~~Plaintiffs ha<u>ve</u>~~s~~ suffered damages in excess of $75,000.

**<u>COUNT I</u>**

**DEFAMATION PER SE**

~~62.~~63. ~~Plaintiff~~Plaintiffs restate~~s~~ and incorporate~~s~~ by reference the allegations contained in Paragraphs 1-6<u>2</u>~~1~~ as if fully stated herein.

~~63.~~64. Defendant, without privilege or permission, published false statements about Mr. Gharavi to members of the wrestling community through her social media posts and private communications.

~~64.~~65. Defendant made these statements with knowledge of their falsity or in reckless disregard as to whether such statements were true or false, and with intent to injure Mr. Gharavi without just cause or excuse.

~~65.~~66. Defendant acted with actual malice when she made and published the statements about~~-~~ Plaintiffs~~Mr. Gharavi~~.

~~66.~~67. Defendant's statements accused Mr. Gharavi of committing serious crimes involving children, including distributing child pornography and creating pornographic content featuring minor athletes.

~~67.~~68. Defendant's statements accused Mr. Gharavi of being unable to perform his duties as a wrestling official with integrity and of exploiting his position to create inappropriate content involving minors.

~~68.~~69. Defendant's statements damaged Mr. Gharavi's and/or Midwest Wrestle's professional reputation and caused wrestling organizations to terminate his officiating contracts and deny him credentials.

~~69.~~70. Defendant's false statements have been published to numerous third parties within the wrestling community and to the public at large through social media.

~~70.~~71. As a result of Defendant's unlawful conduct, Mr. Gharavi has suffered severe injury to his character and reputation in his peer community and professional community, has lost business opportunities and contracts, has been subjected to public ridicule and harassment, and faces ongoing threats to his physical safety.

~~71.~~72. ~~Plaintiff~~Plaintiffs are~~is~~ entitled to compensatory damages, punitive damages, and such other relief as the Court deems appropriate.

WHEREFORE, ~~Plaintiff~~Plaintiffs respectfully request~~s~~ that this Court:

A. Enter judgment in their~~his~~ favor and against Defendant in an amount to be determined at trial, but in excess of $75,000;

B. Enjoin Defendant from publishing further false statements about ~~Plaintiff~~Plaintiffs;

C. Award ~~Plaintiff~~Plaintiffs punitive damages;

D. Award ~~Plaintiff~~Plaintiffs their ~~his~~ costs, attorneys' fees and statutory pre-judgment interest; and

E. Grant such other and further relief as this Court deems just and proper.

**COUNT II**

**DEFAMATION PER QUOD**

**(In the Alternative to Count I)**

~~72.~~73. ~~Plaintiff~~Plaintiffs restate~~s~~ and incorporate~~s~~ by reference the allegations contained in Paragraphs 1-62~~1~~ as if fully stated herein.

~~73.~~74. In the alternative to Count I, ~~Plaintiff~~Plaintiffs allege~~s~~ that Defendant's statements are defamatory per quod.

~~74.~~75. Defendant, without privilege or permission, published false statements about ~~Plaintiff~~Plaintiffs to members of the wrestling community through her social media posts and private communications.

~~75.~~76. Defendant made these statements with knowledge of their falsity or in reckless disregard as to whether such statements were true or false, and with intent to injure ~~Plaintiff~~Plaintiffs without just cause or excuse.

~~76.~~77. Defendant acted with actual malice when she made and published the statements about Mr. Gharavi.

~~77.~~78. Defendant's statements caused Mr. Gharavi to suffer economic damages and reputational harm.

~~78.~~79. As a result of Defendant's statements, wrestling officials, tournament directors, athletic directors, wrestling organizations, and members of the public reasonably understood that Mr. Gharavi had engaged in criminal conduct involving minors, posed a danger to the wrestling community, and should be excluded from wrestling events.

~~79.~~80. Defendant's false statements directly caused:

a. Cancellation of ~~Plaintiff~~Plaintiffs'~~s~~ contracts with wrestling organizations including IESA, IHSA, and NCAA;

b. Loss of business opportunities and revenue for ~~Plaintiff~~Plaintiffs;

c. Ejection of Mr. Gharavi from wrestling events;

d. Revocation or denial of credentials to film wrestling matches;

e. Severe damage to Mr. Gharavi's personal and professional reputation; and

f. Threats to Mr. Gharavi's physical safety, including an attempted break-in at his home.

~~80.~~81. As a result of Defendant's unlawful conduct, ~~Plaintiff~~Plaintiffs haves suffered severe character and reputational injury in his peer and professional communities, as well as substantial economic damages.

WHEREFORE, ~~Plaintiff~~Plaintiffs respectfully requests that this Court:

A. Enter judgment in their~~his~~ favor and against Defendant in an amount to be determined at trial, but in excess of $75,000;

B. Enjoin Defendant from publishing further false statements about ~~Plaintiff~~Plaintiffs;

C. Award ~~Plaintiff~~Plaintiffs punitive damages;

D. Award ~~Plaintiff~~Plaintiffs their ~~his~~ costs, attorneys' fees and statutory pre-judgment interest; and

E. Grant such other and further relief as this Court deems just and proper.

**COUNT III**

**INVASION OF PRIVACY BY FALSE LIGHT**

~~81.~~82. ~~Plaintiff~~Plaintiffs restates and incorporates by reference the allegations contained in Paragraphs 1-62~~1~~ as if fully stated herein.

~~82.~~83. Defendant's publication of false statements about Mr. Gharavi in her social media posts and private communications placed misleading information about Mr. Gharavi before the public and the wrestling community.

~~83.~~84. Defendant's statements created an assertion that Mr. Gharavi had been involved in criminal sexual conduct involving minors and posed an ongoing danger to children when he had not.

~~84.~~85. Defendant published these statements with knowledge that they were false or with reckless disregard of their falsity, and with the intention to place Mr. Gharavi in a false light.

~~85.~~86. Defendant's statements accusing Mr. Gharavi of criminal and sexual misconduct involving minors are highly offensive and injurious to Mr. Gharavi's character, reputation, and standing in the community.

~~86.~~87. Such statements would be highly offensive to any reasonable person.

~~87.~~88. Defendant acted with actual malice when she made the statements about Mr. Gharavi.

~~88.~~89. As a result of Defendant's unlawful conduct, Mr. Gharavi has suffered great financial harm, embarrassment, extreme emotional distress, and harm to his professional reputation.

WHEREFORE, ~~Plaintiff~~Plaintiffs respectfully request~~s~~ that this Court:

A. Enter judgment in their~~his~~ favor and against Defendant in an amount to be determined at trial, but in excess of $75,000;

B. Award ~~Plaintiff~~Plaintiffs punitive damages;

C. Award ~~Plaintiff~~Plaintiffs their~~his~~ costs, attorneys' fees and statutory pre-judgment interest; and

D. Grant such other and further relief as this Court deems just and proper.

**COUNT IV**

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

~~89.~~90. ~~Plaintiff~~Plaintiffs restate~~s~~ and incorporate~~s~~ by reference the allegations contained in Paragraphs 1-62~~1~~ as if fully stated herein.

~~90.~~91. Defendant's conduct of publicly and privately publishing false statements that Mr. Gharavi is actively posting or encouraging others to post his videos to pornographic websites, and that Mr. Gharavi poses a danger to minors, is extreme and outrageous.

~~91.~~92. Defendant's conduct goes beyond the bounds of common decency and is utterly intolerable in a civilized community.

~~92.~~93. Defendant intended to cause Mr. Gharavi emotional distress and/or knew that there was a high probability that her conduct would cause such emotional distress.

~~93.~~94. Mr. Gharavi has experienced severe fear for his physical safety and his life upon receiving threats from the public following Defendant's false accusations.

~~94.~~95. Mr. Gharavi has been forced to flee his home due to an attempted break-in that occurred shortly after his personal information was published online in connection with Defendant's false accusations.

~~95.~~96. As a result of Defendant's conduct, Mr. Gharavi has experienced extreme emotional distress, anxiety, mental anguish, embarrassment, and humiliation.

~~96.~~97. Mr. Gharavi's emotional distress is severe and of a nature that no reasonable person could be expected to endure.

WHEREFORE, ~~Plaintiff~~Plaintiffs respectfully request~~s~~ that this Court:

A. Enter judgment in their~~his~~ favor and against Defendant in an amount to be determined at trial, but in excess of $75,000;

B. Award ~~Plaintiff~~Plaintiffs their~~his~~ costs and statutory pre-judgment interest; and

C. Grant such other and further relief as this Court deems just and proper.

## COUNT V

### TORTIOUS INTERFERENCE WITH PROSPECTIVE BUSINESS RELATIONSHIPS

~~97.~~98. ~~Plaintiff~~Plaintiffs restate~~s~~ and incorporate~~s~~ by reference the allegations contained in Paragraphs 1-62~~1~~ as if fully stated herein.

~~98.~~99. Mr. Gharavi and Midwest Wrestle had reasonable expectations of entering into or continuing valid business relationships through the Midwest Wrestle YouTube channel, including advertising revenue, sponsorships, and partnerships with wrestling organizations and events.

~~99.~~100. Mr. Gharavi and Midwest Wrestle had reasonable expectations of entering into or continuing valid business relationships as a wrestling official at events across the United States, including in Iowa.

~~100.~~101. Defendant knew of ~~Plaintiff~~Plaintiffs'~~s~~ business relationships and prospective business opportunities.

~~101.~~102. Defendant knew that Mr. Gharavi worked as a wrestling official at events throughout the United States.

~~102.~~103. Defendant knew that Mr. Gharavi operated the Midwest Wrestle YouTube channel, which had over 130,000 subscribers at the time of Defendant's statements.

~~103.~~104. Defendant knew that Plaintiffs' ~~Mr. Gharavi's~~ professional reputation in the wrestling community was essential to ~~his ability to~~ obtain officiating contracts and business opportunities related to the Midwest Wrestle~~his~~ YouTube channel.

~~104.~~105. Defendant intentionally and unjustifiably interfered to prevent ~~Plaintiff~~Plaintiffs'~~s~~ business relationships and opportunities from being fulfilled by publishing false and defamatory statements about ~~Plaintiff~~Plaintiffs to wrestling organizations, tournament directors, coaches, officials, and the public.

~~105.~~106. Defendant's interference was accomplished through improper means, specifically through the publication of false and defamatory statements made with actual malice.

~~106.~~107. ~~Plaintiff~~Plaintiffs haves suffered substantial economic damages as a direct and proximate result of Defendant's interference, including:

a. Cancellation of contracts with IESA, IHSA, and NCAA;

b. Loss of revenue from the Midwest Wrestle YouTube channel;

c. Loss of sponsorship and endorsement opportunities;

d. Loss of officiating opportunities at wrestling events; and

e. Loss of other business opportunities in the wrestling community.

~~107.~~108. Defendant's tortious interference was intentional and done in bad faith with the purpose of harming ~~Plaintiff~~Plaintiffs's business interests.

WHEREFORE, ~~Plaintiff~~Plaintiffs respectfully requests that this Court:

A. Enter judgment in their~~his~~ favor and against Defendant in an amount to be determined at trial, but in excess of $75,000;

B. Enjoin Defendant from publishing further false statements about ~~Plaintiff~~Plaintiffs;

C. Award ~~Plaintiff~~Plaintiffs punitive damages;

D. Award ~~Plaintiff~~Plaintiffs their ~~his~~ costs, attorneys' fees and statutory pre-judgment interest; and

E. Grant such other and further relief as this Court deems just and proper.

**PRAYER FOR RELIEF**

WHEREFORE, ~~Plaintiff~~Plaintiffs respectfully requests that this Court:

1. Enter judgment in favor of ~~Plaintiff~~Plaintiffs and against Defendant on all counts;

2. Award ~~Plaintiff~~Plaintiffs compensatory damages in an amount to be determined at trial, but in excess of $75,000;

3. Award ~~Plaintiff~~Plaintiffs punitive damages in an amount sufficient to punish Defendant and deter similar conduct in the future;

4. Enter a permanent injunction prohibiting Defendant from:

    a. Republishing the statements alleged in this Complaint;

    b. Publishing any statement that ~~Plaintiff~~Plaintiffs posts videos to pornographic websites;

    c. Publishing any statement that ~~Plaintiff~~Plaintiffs engage~~s~~ in inappropriate conduct involving minors;

    d. Publishing any statement that ~~Plaintiff~~Plaintiffs pose~~s~~ a danger to minors; or

    e. Encouraging third parties to exclude ~~Plaintiff~~Plaintiffs from wrestling events based on false accusations;

5. Award ~~Plaintiff~~Plaintiffs their~~his~~ costs and expenses incurred in prosecuting this action;

6. Award ~~Plaintiff~~Plaintiffs attorneys' fees, pre-judgment and post-judgment interest as allowed by law; and

7. Grant such other and further relief as this Court deems just and proper.

**JURY DEMAND**

~~Plaintiff~~Plaintiffs demand~~s~~ a trial by jury on all issues so triable.

Dated: July 7, 2026

Respectfully submitted,

By: */s/ Olivia E. Duggins*

Richard A. Stefani [AT0007583]
GRAY, STEFANI & MITVALSKY, P.L.C. 425 Second Street, S.E., Suite 700 P.O. Box 456 Cedar Rapids, Iowa 52406-0456 Email: rickstefani@gsmlawyers.com Tel.: 319/364-1535

Olivia E. Duggins (*pro hac vice*) [6439003]
SWANSON, MARTIN & BELL, LLP
330 N. Wabash Avenue, Suite 3300
Chicago, Illinois 60611
Phone: (312) 321-9100
oduggins@smbtrials.com

**ATTORNEYS FOR PLAINTIFFS**