**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF IOWA**
**EASTERN DIVISION**

| | |
|---|---|
| NIMA GHARAVI,<br><br>Plaintiff,<br><br>vs.<br><br>ALLYSON SCHWAB,<br><br>Defendant. | No. 25-CV-2074-LTS-KEM<br><br>**PLAINTIFF'S RESISTANCE TO DEFENDANT'S MOTION TO STAY DISCOVERY (DOC. 31)** |

## I. INTRODUCTION

Defendant asks the Court to stay all discovery until it rules on her motion to dismiss. Doc. 31 at 2. Both parties have told the Court that the ruling may affect the scope of the claims. Doc. 30 ¶ 4; Doc. 31 ¶ 4. The disagreement is over what should wait for it. Defendant's request to halt all discovery is substantially broader than necessary to account for the Court's ruling on her motion to dismiss. Expert disclosures should be stayed until the earlier of the ruling or December 1, 2026, with the expert deadlines reset in an amended schedule when the stay ends. Written discovery directed to the posts and communications on which every count rests should proceed. The complete stay Defendant requests should be denied.[1]

## II. ARGUMENT

### A. Defendant has made no showing under Rule 26(c).

A stay of discovery is a protective order, and the movant must show good cause. Fed. R. Civ. P. 26(c)(1). A stay of all discovery is discretionary, not mandatory, and "[t]he party requesting

[1] Defendant's filing appears to seek both denial of Plaintiff's Motion for Extension to Serve Expert Disclosures (Doc. 30) ("Plaintiff's Motion") and affirmative relief in the form of a stay of all discovery. To the extent Defendant intended the filing as a resistance to Plaintiff's Motion, it was filed after the fourteen-day deadline to resist. LR 7(e). To the extent Defendant's filing is a standalone motion, Plaintiff submits this Resistance.

a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Nken v. Holder*, 556 U.S. 418, 433–34 (2009). Courts in this district weigh a variety of factors, including the following: whether there is a strong showing that a claim is unmeritorious; the breadth of the discovery and the burden of responding to it; the risk of unfair prejudice to the party opposing the stay; the stage and complexity of the case; and judicial economy. *Allen v. AgReliant Genetics, LLC*, No. 15-CV-3172-LTS-CJW, 2016 WL 5416418, at *2 (N.D. Iowa Sept. 26, 2016).

First, because Defendant's Motion omits any discussion of the merits of Plaintiff's claims, it offers no showing that any claim is unmeritorious. Second, Defendant's Motion identifies no burden that responding to discovery would impose and no fact beyond the pendency of the motion. Its grounds are that the ruling "will possibly" affect the scope of the claims and that a stay would spare the Court further extension motions. Doc. 31 ¶ 4. The pendency of the motion by itself is not good cause. Avoiding further extension motions is a reason to reset the schedule once, after the ruling, not to stop discovery the ruling will not change. Plaintiff does not dispute that some discovery should wait for the ruling; the question is which. Written discovery into what Defendant published, verified, and communicated is the same under every count. Even if some claims were to be narrowed through the Court's ruling on the motion to dismiss, the core factual issues underlying the parties' dispute will remain substantially the same. Importantly, the parties jointly proposed the schedule on May 1, 2026, with the motion to dismiss pending, and the Court entered it on May 18, three days after briefing on that motion closed. Docs. 18, 22, 23.

**B. A ruling that narrows the counts would not narrow the written discovery.**

Plaintiff's first set of written discovery was served on September 22, 2026. Defendant's premise is that the ruling could alter the scope of fact discovery. Doc. 31 ¶ 4. A ruling that narrows the counts would not narrow the written discovery, because every count of the Complaint incorporates the same allegations about the same posts and the same communications. Doc. 1 ¶¶

30–48, 62, 72, 81, 89, 97. *Allen* stayed written discovery only on its three challenged counts, claims arising from the plaintiff's employment, and let it proceed on the unchallenged defamation count. 2016 WL 5416418, at *1, *3. These five counts do not divide that way. Where the facts underlying each claim were the same, the Court declined to stay entry of a scheduling order pending a motion to dismiss. *Close v. City of Bellevue, Iowa*, No. 2:24-cv-01012-CJW-KEM, slip op. at 1–2 (N.D. Iowa May 2, 2024), ECF No. 15 (partial motion to dismiss anticipated).

**C. A complete stay would prejudice Plaintiff.**

A complete stay would not defer the written discovery so much as compress it. Responses to interrogatories, requests for production, and requests to admit are due thirty days after service. Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A), 36(a)(3). A complete stay entered before Defendant's responses are due would defer them until it ends, heightening the risk of prejudice to Plaintiff. Even a complete stay capped at December 1 (the deadline requested in Plaintiff's Motion regarding expert discovery) would put the responses as late as the end of December, eleven days before the January 11, 2027 discovery deadline. Doc. 23 at 1. If Defendant's motion to dismiss were to remain pending beyond December 1, Defendant's proposed stay would delay the due date of written discovery responses even later. Neither party could plan depositions or expert work until those responses were in hand. Under Plaintiff's proposal, the responses arrive on the thirty-day clock, and the period after the stay goes to experts rather than to written discovery. Allowing fact discovery to proceed while extending only expert deadlines balances the parties' interests and is the more tailored and appropriate solution.

**D. Expert discovery depends on the ruling and should be deferred.**

Plaintiff's Motion rests on the premise Defendant now invokes: the parties should not retain and disclose experts before the ruling settles which claims require them. Doc. 30 ¶¶ 4–5.

Initial disclosures have been exchanged and Plaintiff has served written discovery, but trial is set for July 19, 2027, with dispositive motions due January 29, 2027. Doc. 30 ¶ 3; Doc. 24 at 3; Doc. 23 at 1. The dispositive-motion deadline must stay at least 150 days ahead of the July 15, 2027 trial-ready date, so the schedule has about two weeks of margin. LR 16(g); Doc. 23 at 2. A stay that ends only when the ruling issues could spend that margin and more; one that ends on a date certain, followed by a prompt reset of the schedule, keeps the case within the Court's control. *See Allen*, 2016 WL 5416418, at *3 (lifting the partial stay on the ruling or a date certain "in order to preserve sufficient time to complete discovery and prevent the need to continue the trial"). Every week of delay comes out of the interval between Plaintiff's expert disclosures and the dispositive-motion deadline, which the current order sets at 150 days. Doc. 23 at 1. That interval already holds three deadlines: Defendant's expert disclosures, Plaintiff's rebuttal disclosures, and the completion of discovery. *Id.* A December 1 restart leaves fifty-nine days, or seventy-six if the deadline moves to February 15.

**E. Plaintiff's Motion and the expert deadlines.**

Plaintiff's Motion asked, before the first expert deadline expired, that the expert-disclosure deadlines be extended, and the request was timely under Rule 6(b)(1)(A).[2] Its good cause under Rule 16(b)(4) is the premise both parties share. Doc. 30 ¶¶ 2–5; Doc. 31 ¶ 4. Defendant's request that Plaintiff's Motion be denied would hold Plaintiff to an expert deadline that has already passed, and Defendant to one on November 2, 2026, while she asks that expert work be deferred. Doc. 23 at 1. Plaintiff instead asks, in Part III, that the expert deadlines be vacated and reset in the amended schedule the parties would propose when the stay ends.

[2] The prayer in Doc. 30 reads "December 1, 2027" where its paragraph 5 states the intended date, December 1, 2026.

## III. PLAINTIFF'S PROPOSED DISPOSITION

Plaintiff asks that Doc. 31 be denied, except that under Rule 26(c)(1)(B) and (c)(2), the Court order that: (1) written discovery may proceed; (2) expert disclosures are stayed until the earlier of a ruling on Doc. 13 or December 1, 2026; (3) under Rule 16(b)(4), the expert-disclosure deadlines in the Scheduling Order (Doc. 23) are vacated, to be reset under item (4), and Plaintiff's Motion is granted to that extent and otherwise moot; and (4) within seven days after the stay ends, the parties file a joint proposed amended schedule that complies with LR 16(g), states whether it requires a change to the trial date, sets the expert sequence and a date for completion of discovery, and, if no ruling has issued, may propose further deferral of expert disclosures. This disposition supports judicial economy.

## IV. CONCLUSION

The Court should deny the complete stay Defendant requests and enter the order described in Part III.

Dated: September 24, 2026

Respectfully submitted,

By: /s/ *Olivia E. Duggins*

Olivia E. Duggins (*pro hac vice*) [6349003]
SWANSON, MARTIN & BELL, LLP
330 N. Wabash Avenue, Suite 3300
Chicago, Illinois 60611
Tel.: (312) 321-9100
Email: oduggins@smbtrials.com
Lead Counsel

Richard A. Stefani [AT0007583]
GRAY, STEFANI & MITVALSKY, P.L.C.
425 Second Street, S.E.
Suite 700
P.O. Box 456
Cedar Rapids, Iowa 52406-0456
Tel.: (319) 364-1535
Email: rickstefani@gsmlawyers.com

**ATTORNEYS FOR PLAINTIFF NIMA GHARAVI**